**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

In re: SAINT CATHERINE HOSPITAL : Chapter 11
OF PENNSYLVANIA, LLC, : Case No. 5-12-02073
      Debtor :

**REPORT OF TRUSTEE, PURSUANT TO 11 U.S.C. §1106**

The Trustee has interviewed various individuals and reviewed Court filings of the Pennsylvania Department of Health of Saint Catherine Hospital of Pennsylvania, LLC, and hereby makes this report pursuant to 11 U.S.C. §1106 as follows:

Currently the company maintains ten (10) bank accounts at Susquehanna Bank, of which four (4) have no balances, two (2) are overdrawn and one (1) is pledged which contains $13,000.00. As such, the entire bank monies available as of April 12, 2012 is $45,000.00 for the operation of a 107 bed hospital. (The financial issue is such that it does not appear this is sufficient in order to reorganize the Debtor.)

The Trustee has reviewed the Pennsylvania Department of Health reports along with various legal documents and verbal statements by respective parties and has determined that the hospital appears to have in excess of $5,800,000.00 of debt. The 188 page report also indicates multiple deficiencies in the care previously provided, including lack of funds to provide syringes in the ICU, no cardiac leads and no gloves for nurses. The Trustee has also been informed that the Department of Health has revoked the hospital's license.

The hospital does not own its facility and does not have a written lease on the facility and operates on a month to month basis with a purported rent payment of $46,000.00, plus $3,500.00 a month for coal for the boiler system. Rent has not been paid for three years.

The Trustee has also been informed that there is numerous medical equipment that is leased and/or on loan, which is not owned by the hospital, but no final inventory has been taken. As such, without the cooperation of these creditors for which it appears that the Debtor is in default, the hospital cannot operate because it will not have sufficient equipment to do so. Most of the equipment has not been inspected for nearly one year.

Currently, the Trustee has been advised by the Debtor's attorney that there is at least $1,100,000.00 in trust fund taxes that are due and owing. He has been informed by the counsel for the union that many of the employees have not received wages for five (5) weeks and payroll has not been made and there will also be WARN Act claims. He has also been informally advised that there is a 401(k) contribution of at least $30,000.00 past due and the 401(k) may be underfunded.

On the positive side, there may be litigation against Blue Cross (unknown which entity) for withholding of accounts receivables of $300,000.00. It should be noted that the Trustee has been in talks with the Pennsylvania Department of Environmental Protection as a result of radioactive materials on the premises.

The Trustee has contacted four (4) large regional hospital groups to see if any are interested in purchasing the hospital but, because of the area of surrounding hospital systems, its demographics and insurance mix, none have been interested in looking at the financials.

One health system would possibly help the Trustee maintaining HIPPA Records with approval of the Pennsylvania Department of Health.

The Trustee does not believe that this corporation is capable of being reorganized due to debt and it being undercapitalized, and would be best converted to a Chapter 7 with limited operating ability for the Trustee to take care of billing, medical records, return leased equipment and to sell those assets as possible through a specialized auctioneer.

RESPECTFULLY SUBMITTED:

  /s/ William G. Schwab
**WILLIAM G. SCHWAB, ESQUIRE**
Chapter 11 Trustee
Attorney I.D. No. 23081
811 Blakeslee Blvd. Drive East
P.O. Box 56, Lehighton, PA 18235
(610) 377-5200, Fax (610) 377-5209

4-13-12.era.St. Catherine-18210-1.3