IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

In re: SAIT CATHERINE HOSPITAL    :     Chapter 11
       OF PENNSYLVANIA, LLC,          :     Case No. 5-12-bk-02073
                Debtor                        :

**TRUSTEE'S EMERGENCY MOTION TO APPROVE SALE OF
SAINT CATHERINE MEDICAL GROUP, LLC
PURSUANT TO LOCAL BANKRUPTCY RULE 9075-1**

AND NOW COMES, William G. Schwab, Chapter 7 Trustee for the above-captioned Debtor, by and through his counsel, William G. Schwab & Associates, and moves this Honorable Court for an Emergency Order to Approve Sale of Certain Assets of the Saint Catherine Medical Group, LLC and the attached Asset Purchase Agreement pursuant to Local Bankruptcy Rule 9075-1(b) and avers as follows:

1. On April 9, 2012, the above-captioned Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code.

2. The Debtor's Chapter 11 bankruptcy case was subsequently converted to a Chapter 7 case on April 18, 2012.

3. The Movant William G. Schwab is the duly appointed Chapter 7 Trustee to administer the Debtor's Estate.

4. On the date of the Debtor's bankruptcy petition, the Debtor through its wholly owned subsidiary Saint Catherine Medical Group, LLC, a Delaware limited liability company, has been engaged in the practice of family medicine at 411 Shenandoah Road, Ringtown, Pennsylvania 17976 (hereinafter the "**Subsidiary**").

5.      Simultaneous with the filing of this instant Motion, the Trustee has filed a Motion for Emergency Sale and for Expedited Consideration of this instant Motion to Approve the Sale of certain assets of the Subsidiary..

6.      The proposed Buyer is St. Luke's Physician Group (the "Buyer") and the Asset Purchase Agreement is attached as Exhibit "A" and incorporated by reference herein.  The executed copy will be supplied at the subsequently scheduled hearing.

7.      The Buyer is a Pennsylvania non-profit corporation that provides physician and other clinical services to patients in the service area of St. Luke's Health Network, Inc., which includes Lehigh, Northampton, Bucks, Montgomery, Monroe, Carbon and Schuylkill Counties in Pennsylvania.  The Buyer offers services in a wide variety of practice areas, including, but not limited to, cancer care, dental care, endocrinology, family medicine, gynecology, obstetrics, cardiology, cardiac surgery, thoracic surgery, internal medicine, neonatology, neurology, orthopedics, pain management, pediatrics, perinatology, plastic and reconstructive surgery, pulmonary and critical care medicine, psychiatry, radiology, sports medicine, general surgery, bariatric surgery, urology and vascular services.8.   Pursuant to Local Bankruptcy Rule 9075-1(b), a seller, without any notice or with such notice as the court directs, may conduct an emergency sale.  Such sale may be conducted only upon leave of court obtained after filing a motion specifying the following: (1) the property to be sold; (2) the terms of the sale; and (3) the reasons why the sale must be conducted without notice.

9.      The Trustee proposes to sell certain of the assets of the Debtor's Subsidiary to the Buyer for the sum of $10,000.00 pursuant to the terms of the attached Asset Purchase Agreement.  The sale excludes cash, cash equivalents and accounts receivable.

10. Section 704(a)(12) of the Bankruptcy Code requires that the Trustee

(a) use reasonable and best efforts to transfer patients from a health care business that is in the process of being closed to an appropriate health care business that—

(A) is in the vicinity of the health care business that is closing;

(B) provides the patient with services that are substantially similar to those provided by the health care business that is in the process of being closed; and

(C) maintains a reasonable quality of care.

11. The Buyer is "health care business" within the meaning of 11 U.S.C. §101(27A).

12. The Buyer provides services in the same market as the Subsidiary and Debtor and is in the vicinity of Debtor's patients within the meaning of 11 U.S.C. §704(a)(12)(A).

13. The Buyer has extensive and well-established administrative operations and is able to handle all administrative, financial and legal requirements necessary to deliver the highest quality of patient care to the Debtor's patients.

14. The Buyer has the resources, expertise and experience to provide Debtor's patients with services that are substantially similar to those the Debtor provided, per the meaning of 11 U.S.C. §704(a)(12)(B).

15. The Buyer consistently delivers and maintains an excellent, highly regarded and superlative quality of care to its patients, and a transfer to the Buyer will not only meet but materially exceed the "quality of care requirements" in 11 U.S.C. §704(a)(12)(C).

16. The sale of designated assets of the Subsidiary to the Buyer is "as is" with no representations or warranties by the Trustee; provided, however, as follows: (1) the sale to the Buyer is free and clear of all any and all and all liens, claims, encumbrances, rights of first refusal and other interests liens and encumbrances; (2) the delivery of the patient records and the transfer of patients to

the Buyer will not subject the Buyer to any liabilities for claims against the Subsidiary, the Debtor or their employees and agents on any theory of law, including successor, vicarious or transferee liability; and (3) all persons must be enjoined from asserting, prosecuting or otherwise pursuing any claim against the Buyer to recover on any claims such person had, has or may have against (i) the Subsidiary, (ii) the Debtor, its estate, principals and shareholders, (iii) the patient records, or (iv) the Buyer based on the transfer of the patient records or the patients to the Buyer.

17. The sale also contemplates the Buyer entering into an employment contract with Gregory C. Dobash, M.D. and a lease agreement with the landlord of the subsidiary.

18. The Asset Purchase Agreement calls for the sale of certain of the Subsidiary's assets to the Buyer

19. The Asset Purchase Agreement further calls for Trustee, on behalf of the Debtor's Estate to execute a Bill of Sale the Acquired Assets free and clear of all liens in addition to an Assignment and Assumption agreement.

20. The Trustee has been informed that medical malpractice insurance coverage for the Debtor's Subsidiary lapses on May 1, 2012 and that expedited consideration is necessary in order to sell the asset before malpractice insurance coverage terminates.

21. Upon information and belief, should medical malpractice insurance coverage lapses for the Subsidiary, then it will detrimentally impact the value of the asset for the benefit of the Estate.

22. Moreover, public interests are protected by providing the continuity of care to patients that are currently being treated by the Subsidiary who may not otherwise be able to receive timely care in the local community should the Subsidiary be forced to close its doors.

23. The Trustee and the Buyer acknowledge that the patients have to right to retrieve their files and records and seek a new doctor or remain with Dr. Dobash, as they wish.

**WHEREFORE**, the Trustee prays this Honorable Court to enter the attached Order granting the Trustee's Motion to Approve Sale of Saint Catherine Medical Group, LLC, and to enter an Emergency Order approving the Sale pursuant to L.B.R. 9075-1, and for any such other and further relief as this Court deems fair and equitable.

Respectfully Submitted,
**WILLIAM G. SCHWAB & ASSOCIATES**:

By: /s/Adam R. Weaver
**ADAM R. WEAVER, ESQUIRE**
Attorneys for Trustee
Attorney I.D. No. 208766
811 Blakeslee Blvd. Drive East
Lehighton, PA 18235
(610) 377-5200, Fax (610) 377-5209

4-23-12 alk.St. Catherine-18210-2.10