# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: SAINT CATHERINE HOSPITAL OF PENNSYLVANIA, LLC, Debtor | Chapter 7<br>Case No. 5:12-bk-02073-JJT |
| WILLIAM G. SCHWAB, Trustee for the Estate of St. Catherine Hospital of PA, LLC, Objector<br>vs.<br>REGINA M. CASTOR, Claimant | Nature of Proceeding<br>Objection to Proof of Claim 301 |

## STIPULATION

AND NOW, comes William G. Schwab (hereinafter the "Trustee"), the duly appointed Chapter 7 Trustee of the above captioned Debtor, and Regina M. Castor, (hereinafter the "Claimant") and stipulate as follows:

WHEREAS, on April 9, 2012, Saint Catherine Hospital of Pennsylvania, LLC dba Saint Catherine Medical Center of Fountain Springs (hereinafter the "Debtor") filed a voluntary petition for reorganization pursuant to Chapter 11 of the United States Bankruptcy Code;

WHEREAS, on April 18, 2012, this Court entered an Order converting the Debtor's Chapter 11 Case to a Case under Chapter 7 of the United States Bankruptcy Code;

WHEREAS, on or about April 19, 2012, the Trustee was duly appointed the Chapter 7 Trustee to administer the Debtor's Estate;

WHEREAS, on April 24, 2013, the Claimant filed Proof of Claim No. 301 under 11 U.S.C. § 501 alleging a claim against the Estate in the amount of $20,781.23 (the "Claim") for unpaid wages, Paid Time Off (hereinafter "PTO"), sick time, and non-notification of back

wages closure. Attached as Exhibit "A";

WHEREAS, the Claimant's Proof of Claim No. 301 was filed after the deadline for unsecured nonpriority claims;

WHEREAS, the Claimant's Proof of Claim No. 301 alleged $4,250.83 as a priority claim for past wages under 11 U.S.C. § 507(a);

WHEREAS, the Trustee and Claimant agree that the portion of the Claim dedicated to past wages is a priority claim under 11 U.S.C. § 507(a) and timely filed;

WHEREAS, the Claimant's Proof of Claim No. 301 alleges $2,582.40 for 96 hours of PTO;

WHEREAS, the Trustee and Claimant agree that only 61 of PTO hours at $26.90 per hour for a total of $1,640.90 is an unsecured priority claim pursuant to § 507(a)(4)(A) and timely filed;

WHEREAS, the Trustee and Claimant agree that 35 hours of PTO at $26.90 per hour for a total of $941.50 is a unsecured nonpriority claim and untimely filed as these hours were earned prior to 180 days of Debtor's voluntary petition;

WHEREAS, the Trustee and Claimant agree that the untimely nonpriority portion of claimed PTO in the amount of $941.50 will be distributed after all timely filed nonpriority claims;

WHEREAS, the Claimant's Proof of claim No. 301 alleges 150 hours of sick time owed at a rate of $26.90 per hour for a total of $4,035.00;

WHEREAS, the Trustee and Claimant agree that only 39.78 hours of sick time at a rate of $26.90 for a total of $1070.08 is a priority unsecured claim under 11 U.S.C. § 507(a)(4)(A) and timely filed;

WHEREAS, the Trustee and Claimant agree that the remaining 110.22 hours of sick time at a rate of $26.90 per hour for a total of $2,964.92 is a nonpriority unsecured claim and untimely filed as these hours were earned prior to 180 days of Debtor's voluntary petition;

WHEREAS, the Trustee and Claimant agree that the untimely nonpriority portion of claimed sick time in the amount of $2,964.92 will be distributed after all timely filed nonpriority claims;

WHEREAS, the Trustee and Claimant agree that the portion of Claim Number 301 dedicated to the WARN Act Claim will be classified and treated as a timely filed unsecured priority claim pursuant to 11 U.S.C. §§ 507(a)(1) and 503(b)(1)(A) for purposes of distribution; and

WHEREAS, the parties have tentatively resolved their dispute and Stipulate to the following:

1. The Trustee and Claimant agree to distribution of Claimant's timely priority Claim for back wages pursuant to 11 U.S.C. § 507(a) in the amount of $4,250.83;

2. The Trustee and Claimant agree to distribution of Claimant's timely priority Claim for PTO pursuant to 11 U.S.C. § 507(a) in the amount of $1,640.90 ;

3. The Trustee and Claimant agree to distribution of Claimant's timely priority Claim for sick time pursuant to 11 U.S.C. § 507(a) in the amount of $1070.08;

4. The Trustee and Claimant agree that a determination as to distribution of Claimant's untimely unsecured nonpriority claim for 35 hours of PTO at $26.90 per hour for a total of $941.50 will be made after all timely filed

nonpriority claims have been distributed;

5. The Trustee and Claimant agree that a determination as to distribution of Claimant's untimely unsecured nonpriority claim for 110.22 hours of sick time at a rate of $26.90 per hour for a total of $2,964.92 will be made after all timely filed nonpriority claims have been distributed; and

6. The Trustee and Claimant agree that the portion of Claim Number 301 dedicated to the WARN Act Claim will be distributed as a timely filed priority claim pursuant to 11 U.S.C. §§ 507(a)(1) and 503(b)(1)(A) at such time the Trustee makes all other WARN Act Claims.

Agreed to and stipulated to this ___2___ day of August, 2013.

By: _____
REGINA CASTOR
Claimant

WILLIAM G. SCHWAB & ASSOCIATES

By: _____
WILLIAM G. SCHWAB, ESQUIRE
811 Blakeslee Blvd. Drive East
P.O. Box 56
Lehighton, PA 18235
(610) 377-5200, Fax (610) 377-5209