UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: ST. CATHERINE HOSPITAL OF PA, LLC, aka ST. CATHERINE MEDICAL CENTER OF FOUNTAIN SPRINGS, Debtor | : : : : | Chapter 7 Case No. 5-12-02073 |

| | | |
|---|---|---|
| WILLIAM G. SCHWAB, Trustee for the Estate of St. Catherine Hospital of PA, LLC, Movant, vs. INTERNAL REVENUE SERVICE, PA DEPARTMENT OF REVENUE, PA DEPARTMENT OF LABOR AND INDUSTRY, SCHUYLKILL COUNTY TAX CLAIM BUREAU, NORTH SCHUYLKILL SCHOOL DISTRICT, BUTLER TOWNSHIP, and LEASE ASSOCIATES, INC., Respondents | : : : : : : : : : : : : : | Nature of Proceeding: 11 U.S.C. § 363(f) |

**AMENDED MOTION TO SELL REAL PROPERTY AT PUBLIC AUCTION FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES PURSUANT TO 11 U.S.C. §363(f) WITH ANY VALID CLAIMS ATTACHING TO SALES PROCEEDS**

AND NOW, comes WILLIAM G. SCHWAB, ESQUIRE (the "Trustee"), the duly appointed Chapter 7 Trustee of Saint Catherine Hospital of Pennsylvania, LLC (the "Debtor") and moves for an Order to sell real property of the estate free and clear of any and all liens, claims, interests, and encumbrances at public auction with any valid claims attaching to the sales proceeds, by averring as follows:

**BACKGROUND**

1. On April 9, 2012, the Debtor filed a voluntary petition for relief under Chapter 11 of the U.S. Bankruptcy Code.

2. On April 18, 2012, the Debtor's Chapter 11 case was converted to a case under Chapter 7 of the U.S. Bankruptcy Code

3. The Trustee is the duly appointed, qualified and acting Chapter 7 trustee in bankruptcy in the above-captioned proceeding, having his place of business at 811-Blakeslee Boulevard Drive East, Lehighton, Pennsylvania 18235.

4. This Court has jurisdiction of the matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper pursuant to 28 U.S.C. § 1409. The statutory predicates for the relief requested are 11 U.S.C. §§ 105, 363, and 725.

5. Prior to the Debtor's bankruptcy petition date, the Debtor operated its hospital facilities on real property located at 101 Broad Street, Ashland, Butler Township, Schuylkill County, Pennsylvania (hereinafter "Real Property"). The Real Property consists of a vacant hospital building

6. The Real Property was titled in the name of an entity called Saint Catherine Healthcare of Pennsylvania, LLC, which the Trustee commenced a Complaint for Declaratory Relief against seeking to determine, *inter alia*, that the Debtor is the de factor owner of the Real Property. This adversary proceeding was indexed to Adversary Number 5:12-ap-00298-JJT (the "Healthcare Adversary").

7. On June 17, 2013, the Healthcare Adversary was resolved through a Consent Judgment between the Trustee and Gary A. Barney (the "Wyoming Trustee"), as managing member of the Healthcare entity, which vested ownership of the Real Property into the Trustee. The Consent Judgment was filed in Adversary Case No. 5-12-00298, Docket Entry 17.

8. The Consent Judgment was approved by the Court in the Healthcare Adversary on June 28, 2013.

9. The Trustee has extensively evaluated the Real Property, as well as sought avenues with local governmental officials who may be assist any potential buyer with subsidized financing or Small Business Administration loans, and has determined that a public auction is the best way to maximize proceeds and liquidate the Real Property expeditiously for the benefit of the estate and its creditors.

10. The Trustee has filed an application to employ HOUSER AUCTIONEERS, as auctioneer at a commission of Three (3%) percent of the gross proceeds of the Real Property, plus pro-rata costs of advertising and labor, which was approved by the Court on August 5, 2013 [Docket Entry # 796]. Houser Auctioneers was also previously employed by the Court to auction the Debtor's personal property.

11. The Trustee seeks leave to sell the Real Property at its physical location at 101 Broad Street, Ashland, Butler Township, Schuylkill County, Pennsylvania, by public

auction on November 29, 2013 beginning at 9:00 a.m. The sale is to be free and clear of all liens, claims, interests, and encumbrances, with any valid claims in the Real Property to be transferred to the fund created by said sale.

## RELIEF REQUESTED

12. Pursuant to 11 U.S.C. § 363(b)(1), the Trustee, after notice and a hearing, may sell l property of the estate.

13. Pursuant to 11 U.S.C. § 363(f), the Trustee may sell the Real Property under subsection (b) free and clear of any interest in such property of an entity other than the estates if one of the following conditions are met:

    (1) applicable non-bankruptcy law permits sale of such property free and clear of such interest,

    (2) such entity consents;

    (3) such interest is a lien and the price ast which such property is to be sold is greater than the aggregate value of all liens on such property;

    (4) such interest is in bona fide dispute; *or*

    (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

14. To the extent that any objections are timely filed to the sale, the Trustee believes he will be able to satisfy one of the afore-described conditions to permit the sale to proceed under Section 363(f) of the U.S. Bankruptcy Code.

15. Pursuant to Section 363(p)(2) of the Bankruptcy Code, in any hearing under this section, the entity asserting any interest in property has the burden of proof on the issue of the validity, priority, or extent of any such interest it may have in the Real Property.

16. The Respondents Internal Revenue Service, PA Department of Revenue, and PA Department of Labor are named as party Respondents in case they have any statutory lien claim(s) to the Real Property.

17. The Respondents Schuylkill County Tax Claim Bureau, North Schuylkill School District, and Butler Township are named as party Respondents as they may have outstanding real estate taxes, water or sewage claims, or other statutory lien claim(s) to the Real Property. The Trustee is proposing that any statutory lien claims of these Respondent be paid at any subsequent closing on the Real Property.

18. The Respondent Lease Associates, Inc. has a judgment against Saint Catherine Healthcare of Pennsylvania, LLC, the mere title owner of the Real Property, which may act as a judicial lien on the Real Property. This lien is disputed by the Trustee, within the meaning of 11 U.S.C. § 363(f)(4), as set forth in his Complaint filed against Lease Associates, Inc., indexed to adversary proceeding number 5:13-ap-00171-JJT.

19. There are no mortgages on the Real Property.

20. The Trustee believes and avers that there will be sufficient proceeds realized from the public auction of the Real Property to adequately cover the aggregate of all liens on the Real Property. Thus, any claims in the Real Property will be adequately protected by the sales proceeds and the sale may be approved under Section 363(f)(3) of the Bankruptcy Code.

21. Any Respondents not paid at the closing on the Real Property will be adequately protected because there will sufficient proceeds to set aside from the sale and placed into escrow to cover all aggregate claims to the Real Property.

22. Alternatively, any judicial lien held by Lease Associates, Inc. is junior in position to outstanding real estate taxes, water and sewage claims, or any other statutory lien held by the other named Respondents, which statutorily prime any judicial lien claimed by Lease Associates, Inc. Accordingly, said Real Property may be sold at a sheriff's sale under state law in complete satisfaction of any claim by Lease Associates, Inc., and the sale may be approved via 11 U.S.C. § 363(f)(5).

23. The Trustee further requests the Court to allow distribution of the proceeds from the sale of the Real Property at settlement as follows:

    a. Any out-of-pocket expenses advanced by WILLIAM G. SCHWAB, ESQUIRE, in connection with the sale of the Real Property, and which have not been reimbursed at the time of settlement, along with a reserve of Three (3%) percent for a potential Trustee statutory commission under 11 U.S.C. § 326(a) to be held until further Order of Court;

    b. Any notarization and/or incidental recording fees associated with the sale of the Real Property;

    c. Any transfer tax which is the responsibility of the seller herein;

    d. Three (3%) Percent to HOUSER AUCTIONEERS, representing the auctioneer's commission, plus the pro-rata reasonable expenses in conjunction with the sale;

    e.    Any unpaid real estate taxes and other municipal claims/liens arising from property, including one (1%) percent of the real estate transfer taxes which are the responsibility of the seller herein; and then

    f.    The balance of the proceeds shall be held in the Trustee's escrow account pending further Notice as to distribution or by further Order of Court.

24.    The Trustee further requests that any Sale Order be effective immediately by providing that the 14 day stay under Bankruptcy Rule 6004(h) so that the marketing and public auction may proceed unfettered and immediately to expeditiously reduce estate property to liquid funds for the benefit of creditors.

WHEREFORE, the Trustee prays your Honorable Court to issue a Notice to Creditors indicating on such the final date for filing answers or objections to the within motion, and following the time set for answers or objections, to enter an order granting relief to sell the aforementioned Real Property free and clear of all liens, claims, interests, and encumbrances at public auction, and to allow the Trustee, WILLIAM G. SCHWAB, ESQUIRE, to execute all papers and documents necessary to effectuate said sale, and to distribute the proceeds as aforementioned, to waive any stay pursuant to Bankruptcy Rule 6004(h), and for any such other and further relief as this Court deems just and fair.

**WILLIAM G. SCHWAB & ASSOCIATES**:

/s/: William G. Schwab
**WILLIAM G. SCHWAB, ESQUIRE**
Attorney for Trustee in Bankruptcy
Attorney I.D. #23081
811 Blakeslee Blvd. Drive East
P.O. Box 56, Lehighton, PA  18235
(610) 377-5200, (610) 377-5209 (FAX)

8-23-13.era.St. Catherine/Sale-18210-2.40