UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

In re:                                     : Chapter 7
                                           :
SAINT CATHERINE HOSPITAL OF                : Case No. 5:12-bk-02073 (JJT)
PENNSYLVANIA, LLC,                         :
                                           :
                Debtor.                    :

**EXPEDITED MOTION OF WILLIAM G. SCHWAB, AS CHAPTER 7 TRUSTEE OF SAINT CATHERINE HOSPITAL OF PENNSYLVANIA, LLC, FOR AN ORDER PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019(a) <u>APPROVING SETTLEMENT OF CERTAIN CLAIMS</u>**

TO:   THE HONORABLE JOHN J. THOMAS,
      UNITED STATES BANKRUPTCY JUDGE:

The expedited motion of William G. Schwab (the "Trustee"), as Chapter 7 trustee of the estate of Saint Catherine Hospital of Pennsylvania, LLC (the "Debtor"), by and through his undersigned special counsel, for an order pursuant to Federal Rule of Bankruptcy Procedure 9019(a) approving the resolution of certain claims asserted by the Trustee as more particularly described herein, respectfully represents as follows:

**BACKGROUND**

1. On April 9, 2012 (the "Petition Date"), the Debtor filed a voluntary petition for reorganization pursuant to chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

2. Thereafter, the Trustee was appointed as chapter 11 trustee of the Debtor's estate pursuant to §1104 of the Bankruptcy Code.

3. On or about April 18, 2012, the Debtor's chapter 11 case was converted to a case under chapter 7 of the Bankruptcy Code, and the Trustee was appointed chapter 7 trustee of the Debtor's estate, has duly qualified and is presently so acting.

4. Prior to the Petition Date, the Debtor's managing member was Robert M. Lane ("Lane").

5. Lane is himself a chapter 7 debtor in a bankruptcy proceeding pending in the District of Wyoming (the "Wyoming Court") under Case No. 11-20398 (the "Lane Proceeding").

6. Gary A. Barney (the "Wyoming Trustee") is the chapter 7 trustee in the Lane Proceeding.

7. Lane is also the present or former manager of an entity known as Saint Catherine Hospital of Indiana, LLC ("SCHI"), which is a chapter 11 debtor in a reorganization proceeding pending in the United States Bankruptcy Court for the Southern District of Indiana (the "Indiana Court") under Case No. 12-91316-BHL-11 (the "SCHI Proceeding").

8. In his capacity as trustee of the Debtor's estate, the Trustee has filed respective proofs of claim in each of the Lane Proceeding and the SCHI Proceeding. In particular, pursuant to a settlement agreement and mutual release dated as of March 21, 2013 (the "Initial Trustee Settlement Agreement"), which was approved by the Wyoming Court and this Court, the Trustee holds an allowed general unsecured claim in the Lane Proceeding in the amount of $1,255,377.04, which is subordinate in priority to the rights of payment of allowed, timely-filed general unsecured claims in the Lane Proceeding (the "Lane Claim"). In addition, the Trustee has filed a proof of claim in the SCHI Proceeding in the aggregate amount of $779,991.99,

including a priority amount of $103,284.00 (the "SCHI Claim" and together with the Lane Claim, the "Claims").

9. In order for the Trustee to administer the Debtor's estate, he would necessarily have to await the administration of both the SCHI Proceeding and the Lane Proceeding. In order to expedite the administration of the Debtor's estate, as well as to obviate the need for what the Trustee anticipates will be substantial litigation relating to the Claims, the Trustee has entered into the settlement agreement annexed hereto and made a part hereof as Exhibit "A" (the "Settlement Agreement"), which will supersede the Initial Trustee Settlement Agreement and which the Trustee submits is highly beneficial to the Debtor's estate.[1]

10. Numerous creditors have filed claims in the Debtor's chapter 7 case. Among these are AFSCME District Counsel 89 ("AFSCME"), which asserts priority claims for alleged violations of the WARN Act in the amount of $468,282.68 (the "AFSCME Claim") and the United States Department of Labor ("DOL"), which asserts claims arising from alleged ERISA violations in connection with the Debtor's pension and benefit plans in respective amounts of $268,177.01 and $33,323.64 (the "DOL Claims").

11. As described in the Settlement Agreement, the Trustee and the Wyoming Trustee have agreed that, subject to the satisfaction of certain conditions, including the approval of the Settlement Agreement by this Court and the Wyoming Court, the Lane Claim shall be liquidated and paid in the amount of $800,000.00 (the "Settlement Payment") as an interim distribution in the Lane Proceeding and that the Trustee and the Wyoming Trustee will release each other in their respective estates of and from any further claims.

---

[1] The description of the terms of the proposed settlement herein is qualified in its entirety by the Settlement Agreement.

12. In addition, pursuant to the Initial Trustee Settlement Agreement, the Wyoming Trustee retained a twenty (20%) percent interest in the net sale proceeds resulting from the disposition of the real property located at 101 Broad Street, Ashland, Pennsylvania, which the Trustee is presently in the process of marketing for sale (the "Retained Interest"). In connection with the Settlement Agreement, the Wyoming Trustee is waiving his rights and/or claims with respect to the Retained Interest.

13. For the reasons hereinafter set forth, the Trustee requests the entry of an order pursuant to Federal Rule of Bankruptcy Procedure 9019 approving the Settlement Agreement and authorizing the Trustee to perform the obligations described therein.

## **THE RELIEF REQUESTED AND THE REASONS THEREFOR**

14. By this expedited motion, and pursuant to Federal Rule of Bankruptcy Procedure 9019(a), the Trustee seeks the entry of an order approving a settlement of the Claims under and in accordance with the Settlement Agreement. Under the proposed settlement, the Wyoming Trustee has agreed to pay to the Debtor's estate the sum of $800,000.00 in consideration of the withdrawal of the Lane Claim and the SCHI Claim (the "Settlement Payment").

15. In consideration of the Settlement Payment, the Trustee has agreed to cause AFSCME to waive and relinquish any claims which it has or asserts against Lane and to indemnify the Wyoming Trustee against any liability for claims held or asserted by DOL in the Lane Proceeding.

16. Accordingly, the Trustee seeks an order of this Court authorizing him to pay to AFSCME the sum of $300,000.00 from the Settlement Payment in partial satisfaction of the AFSCME Claim and to satisfy the DOL Claim, to the extent allowed.

17.     In consideration of the Settlement Payment, the Trustee has also agreed to release the Wyoming Trustee of and from any other claims which he has or may have on behalf of the Debtor's estate or otherwise and to withdraw both the Lane Claim and the SCHI Claim.

18.     The Trustee respectfully submits that, particularly in view of the aggregate amount of claims asserted against the Debtor, the resolution of the SCHI Claim and the Lane Claim in consideration of the $800,000.00 Settlement Payment is extremely beneficial to the estate in that, among other things, it will permit the Trustee to complete the orderly administration of the Debtor's chapter 7 case without the delay associated with the resolution of the Lane Proceeding and the SCHI Proceeding and without incurring the costs associated with defending objections to the Claims.

19.     The consummation of the Settlement Agreement is contingent upon its approval by this Court in both the Debtor's chapter 7 case and in the chapter 7 case of Specialty Health, LLC, Case No. 12-06471 (JJT), as well as by the Wyoming Court in the Lane Proceeding.

## JURISDICTION

20.     This Court has jurisdiction to consider the expedited motion pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested herein are Federal Rule of Bankruptcy Procedure 9019(a).

## THE LEGAL STANDARDS

21. Federal Rule of Bankruptcy Procedure 9019(a) provides, in relevant part, as follows:

>   (a) <u>Compromise</u>. On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement . . . .

**Federal Rule of Bankruptcy Procedure 9019(a).**

22. The standards by which courts evaluate a proposed compromise and settlement are well established. In essence, the settlement standards balance the probable success and potential costs of pursuing claims or defenses against the benefits and costs of the proposed settlement. However, courts need not conduct an independent investigation in formulating an opinion as to the reasonableness of a settlement. Rather, the Court is permitted to defer to the judgment of the Trustee, and the Court's responsibility is to canvas the issues to determine whether the proposed settlement "falls below the lowest point in a range of reasonableness." <u>In re Pennsylvania Trucklines, Inc.</u>, 150 B.R. 595, 601 (E.D. Pa. 1992), <u>aff'd</u>, 8 F.3d 812 (3d Cir. 1993); <u>In re Grant Broadcasting of Phila., Inc.</u>, 71 B.R. 390, 395 (Bankr. E.D. Pa. 1987). Accordingly, courts will approve a compromise and settlement if it is fair and equitable and is in the best interests of creditors and the estate. <u>See</u>, <u>e.g.</u>, <u>In re Martin</u>, 91 F.3d 389 (3d Cir. 1996).

23. In reviewing the appropriateness of proposed settlements, courts apply the following factors in addition to reviewing the terms and conditions of the settlement themselves.

   (a) The probability of success in the litigation;

   (b) The difficulty in collecting any judgment which may be obtained;

(c) The complexity of the litigation involved and the expense, inconvenience and delay necessarily attendant to it;

(d) The interests of creditors and shareholders with a proper deference to their reasonable views of the proposed settlement. See, e.g., Protective Comm. for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424 88 S.Ct. 1157, 1163, 20 L.Ed. 2d 1, 9-10 (1968); In re Martin, supra; In re Medical Asset Management, Inc.; 249 B.R. 659 (Bankr. W.D. Pa. 2000); In re Culmtech, Ltd., 118 B.R. 237, 238 (Bankr. M.D. Pa. 1990). The Trustee submits that each of the above-cited factors weighs in favor of approval of the compromise described herein.

24. In seeking approval of the Settlement Agreement, the Trustee has evaluated the probability of success in pursuing the Claims, giving due consideration to defenses available to the Wyoming Trustee and SCHI under both bankruptcy and applicable non-bankruptcy law.

25. Finally, the Trustee respectfully submits that the proposed settlement and compromise is the product of arms'-length negotiations between the Trustee and the Wyoming Trustee and that the Settlement Payment is reasonable under the circumstances presented here. Accordingly, the Trustee believes that the settlement is fair and reasonable, is in the best interests of the estate and results from the exercise of his sound business judgment.

26. No other or prior request for the relief sought herein has been made to this or any other Court.

## NOTICE

27. Notice of the expedited motion has been given to those parties requesting notice pursuant to Federal Rule of Bankruptcy Procedure 2002.

WHEREFORE, the Trustee respectfully requests the entry of an order pursuant to Federal Rule of Bankruptcy Procedure 9019(a) approving the Settlement Agreement and the compromise described therein, together with such other and further relief as is just and proper.

Dated: October 3, 2013

Respectfully submitted,

KLEHR | HARRISON | HARVEY | BRANZBURG LLP

By: /s/ Jeffrey Kurtzman
 Jeffrey Kurtzman, Esquire
 1835 Market Street, Suite 1400
 Philadelphia, PA 19103
 Telephone: (215) 569-4493

Special Counsel for William J. Schwab,
as Chapter 7 Trustee