IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER SEVEN |
| | : | |
| SAINT CATHERINE HOSPITAL OF PENNSYLVANIA, LLC, | : | BANKRUPTCY NO.: 5-12-bk-02073-JJT |
| | : | |
| | : | {**Nature of Proceeding**: Trustee's Motion |
| DEBTOR | : | to Disallow Claim 80 (Doc. #855)} |

# **OPINION**

The Trustee of the Debtor, William G. Schwab, has filed a Motion to disallow the claim of Robert M. Lane, transferee of the original claimant, 3M Corporation. Claim #80. The Trustee argues that disallowance is required under the provisions of 11 U.S.C. § 502(d) and Federal Rule of Bankruptcy Procedure 3001(c).

Some background is necessary to fully appreciate the Trustee's argument.

The Debtor, Saint Catherine Hospital of Pennsylvania, LLC, was only one of a number of related entities operated under the ostensible control of one, Robert Lane. Robert Lane filed an individual Chapter 7 bankruptcy in the District of Wyoming on April 19, 2011 to Case No. 11-20398. Lane's Chapter 7 Trustee in Wyoming and Schwab, on behalf of Saint Catherine Hospital of Pennsylvania, subsequently entered into an agreement which allowed a subordinated claim by Saint Catherine in the Lane Bankruptcy Estate in the amount of $1,345,377.04. Now Schwab argues that this ostensible obligation prevents Lane from having an allowed claim in Saint Catherine's.

Section 502(d) of the Bankruptcy Code reads:

(d) Notwithstanding subsections (a) and (b) of this section, the court shall disallow any claim of any entity from which property is recoverable under section 542, 543, 550, or 553 of this title or that is a transferee of a transfer avoidable under section 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a) of this title,

> unless such entity or transferee has paid the amount, or turned over any such property, for which such entity or transferee is liable under section 522(i), 542, 543, 550, or 553 of this title.

11 U.S.C. § 502(d)

Property, in the form of a claim, appears to be due from the Bankruptcy Estate of Robert Lane in the amount of $1,345,377.04. Should this claim be based on either Sections 542, 550, or 553, it would seem that this Court would be compelled to disallow claims made by the Bankruptcy Estate of Robert Lane under the provisions of § 502(d). It is not the Estate, however, that is making the claim but Robert Lane individually, who, after his individual discharge from the Bankruptcy Court of the District of Wyoming, has purchased the claim of 3M Corporation. I can only presume that Mr. Lane has no current obligation to Saint Catherine's or to any other discharged creditor.[1] He is, simply stated, a different "entity" than the entity against which Schwab has a claim as Saint Catherine's Trustee. "Section 502(d) operates to disallow claims of [claimants] who do not surrender their avoidable transfers." *In re Parker N. Am. Corp.*, 24 F.3d 1145, 1155 (9th Cir. 1994). In this case, Lane has no avoidable transfer to return since his non exempt property (presumably the fruits of the alleged questionable transfer) are in the possession of his Chapter 7 Estate and beyond Lane's control.

I find that this provision in § 502(d) can not support the Trustee's objection.

The alternative application of § 502(d) is not applicable either since there is no evidence that the original claimant, who transferred the claim to Lane, possessed a claim subject to an avoidable transfer.

Schwab also objects that the attachments to the Lane claim are insufficient under Federal

---

[1] Lane received his Discharge from the Bankruptcy Court for the District of Wyoming on August 5, 2011. (U.S. Bankruptcy Court, District of Wyoming, Case No. 11-20398 at 24.)

Rule of Bankruptcy Procedure 3001(c).  At the time of the hearing on the objection, these grounds for objection were withdrawn.

For these reasons, my Order overruling the objection and allowing the claim will follow.

By the Court,

*John J. Thomas signature*

John J. Thomas, Bankruptcy Judge

(CMS)

Date: January 14, 2014