UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| In re: | : | Chapter 7 |
|  | : |  |
| SAINT CATHERINE HOSPITAL OF | : | Case No. 5:12-bk-02073 (JJT) |
| PENNSYLVANIA, LLC, | : |  |
|  | : |  |
| Debtor. | : |  |
|  | : |  |

**MOTION OF WILLIAM G. SCHWAB, AS CHAPTER 7 TRUSTEE OF SAINT
CATHERINE HOSPITAL OF PENNSYLVANIA, LLC, FOR AN ORDER
PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019
APPROVING SETTLEMENT OF DISPUTED MATTERS BETWEEN
AND AMONG TRUSTEE, UNITED STATES DEPARTMENT OF HEALTH
AND HUMAN SERVICES AND INTERNAL REVENUE SERVICE**

The motion of William G. Schwab (the "Trustee"), as Chapter 7 trustee of the estate of

Saint Catherine Hospital of Pennsylvania, LLC (the "Debtor"), by and through his undersigned

special litigation counsel, for an order pursuant to Federal Rule of Bankruptcy Procedure 9019(a)

approving the settlement and compromise of certain disputed matters between and among the

United States Department of Health and Human Services ("HHS"), the Internal Revenue Service

(the "IRS"), and the Trustee, as more particularly described herein, respectfully represents as

follows:

## BACKGROUND

1. On April 9, 2012 (the "Petition Date"), the Debtor filed a voluntary petition for

reorganization pursuant to Chapter 11 of the Bankruptcy Code.

2. Thereafter, the Trustee was appointed as Chapter 11 trustee of the Debtor's estate

pursuant to § 1104 of the Bankruptcy Code.

3.     On or about April 18, 2012, the Debtor's Chapter 11 case was converted to a case under Chapter 7 of the Bankruptcy Code, and the Trustee was appointed Chapter 7 trustee of the Debtor's estate, has duly qualified and is presently so acting.

4.     Prior to its closure on or about March 30, 2012, the Debtor operated a hospital facility in Ashland, Pennsylvania. Among other things, the Debtor provided medical services to Medicare beneficiaries and received reimbursements under the federal Medicare program.

5.     On October 9, 2012, the Secretary of HHS filed a proof of claim in the amount of $1,229,461.42 (the "HHS Claim") for alleged Medicare overpayments to the Debtor.

6.     On May 9, 2012, the IRS filed claim no. 46 (the "IRS Claim" and, together with the HHS Claim, the "Claims"), in the aggregate amount of $1,394,650.65, including a priority claim in the amount $1,207,401.63 and a general unsecured claim in the amount $188,249.02.

7.     On October 17, 2014, HHS filed a motion for relief from the automatic stay (the "HHS Stay Relief Motion ") to setoff the sum of $160,466.83 in Medicare payments otherwise due to the Debtor against amounts allegedly owed by the Debtor to the United States, including alleged Medicare overpayments totaling $86,836.00, and $73,630.77 of the unsecured portion of the IRS Claim [Docket No. 402].

8.     In response, the Trustee filed a limited objection to the HHS Stay Relief Motion [Docket No. 1067], together with a memorandum of law in support thereof [Docket No. 1085], and an objection to the HHS Claim (the "Claim Objection") [Docket No. 1080].

9.     The Claim Objection raised various issues concerning the validity and amount of the HHS Claim based upon the reimbursement rate applicable to the Debtor and similarly situated rural hospital facilities under the regulations applicable to Medicare providers at various times.

2

10.    On December 16, 2014, the Trustee, HHS and the IRS entered into a stipulation resolving the disputes described above, including the HHS Stay Relief Motion and the Claim Objection, and providing for a payment in the amount of $15,000.00 of the Debtor's estate for distribution to creditors (the "Stipulation").  A copy of the Stipulation is annexed hereto and made a part hereof as Exhibit "A".

## THE RELIEF REQUESTED AND THE REASONS THEREFOR

11.    By this motion, and pursuant to Federal Rule of Bankruptcy Procedure 9019(a), the Trustee seeks the entry of an order, in the form annexed hereto, approving the Stipulation and the settlement and compromise described therein.[1]  Under the proposed settlement, the Trustee's objection to the HHS Stay Relief Motion and the Claim Objection will be resolved, the Debtor's estate will receive the sum of $15,000.00, and the United States has agreed to waive any other or further right to exercise a setoff with respect to any funds which are or may be due to the estate against known claims of HHS and/or the IRS.

## JURISDICTION

12.    This Court has jurisdiction to consider the motion pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested herein are Federal Rule of Bankruptcy Procedure 9019(a).

## THE LEGAL STANDARDS

13.    Federal Rule of Bankruptcy Procedure 9019(a) provides, in relevant part, as follows:

---

[1] The description of the terms of the proposed settlement and compromise herein is qualified in its entirety by the Stipulation.

PHIL1 4010904v.2

> (a) <u>Compromise</u>. On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement . . . .

Federal Rule of Bankruptcy Procedure 9019(a).

14.     The standards by which courts evaluate a proposed compromise and settlement are well established.   In essence, the settlement standards balance the probable success and potential costs of pursuing claims or defenses against the benefits and costs of the proposed settlement.   However, courts need not conduct an independent investigation in formulating an opinion as to the reasonableness of a settlement.   Rather, the Court is permitted to defer to the judgment of the Trustee, and the Court's responsibility is to canvas the issues to determine whether the proposed settlement "falls below the lowest point in a range of reasonableness."  <u>In re Pennsylvania Trucklines, Inc.</u>, 150 B.R. 595, 601 (E.D. Pa. 1992), <u>aff'd</u>, 8 F.3d 812 (3d Cir. 1993); <u>In re Grant Broadcasting of Phila., Inc.</u>, 71 B.R. 390, 395 (Bankr. E.D. Pa. 1987). Accordingly, courts will approve a compromise and settlement if it is fair and equitable and is in the best interests of creditors and the estate.  <u>See</u>, <u>e.g.</u>, <u>In re Martin</u>, 91 F.3d 389 (3d Cir. 1996).

15.     In reviewing the appropriateness of proposed settlements, courts apply the following factors in addition to reviewing the terms and conditions of the settlement themselves.

(a)     The probability of success in the litigation;

(b)     The difficulty in collecting any judgment which may be obtained;

(c)     The complexity of the litigation involved and the expense, inconvenience and delay necessarily attendant to it;

(d)     The interests of creditors and shareholders with a proper deference to their reasonable views of the proposed settlement.  <u>See</u>, <u>e.g.</u>, <u>Protective Comm. for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson</u>, 390 U.S. 414, 424 88 S.Ct. 1157, 1163, 20 L.Ed. 2d 1, 9-10 (1968); <u>In re Martin</u>, <u>supra</u>; <u>In re Medical Asset Management, Inc.</u>; 249 B.R.

4

PHIL1 4010904v.2

659 (Bankr. W.D. Pa. 2000); In re Culmtech, Ltd., 118 B.R. 237, 238 (Bankr. M.D. Pa. 1990). The Trustee submits that each of the above-cited factors weighs in favor of approval of the compromise described herein.

16.     In seeking approval of the Stipulation, the Trustee has evaluated the probability of success in pursuing his objection to the HHS Stay Relief Motion and the Claim Objection, giving due consideration to the complexity of the legal issues relating to the Medicare statute and the regulations promulgated thereunder, as well as the substantial factual issues to be developed at trial and the costs associated therewith.

17.     Finally, the Trustee respectfully submits that the proposed settlement and compromise is the product of arms'-length negotiations between the Trustee and the United States and that the negotiated resolution is reasonable under the circumstances. Accordingly, the Trustee believes that the settlement is fair and reasonable, is in the best interests of the estate herein and results from the exercise of his sound business judgment.

18.     No other or prior request for the relief sought herein has been made to this or any other court.

WHEREFORE, the Trustee respectfully requests the entry of an order pursuant to Federal Rule of Bankruptcy Procedure 9019(a) approving the Stipulation and the compromise described therein, and granting such other and further relief as is just and proper.

PHIL1 4010904v.2

Dated: December 16, 2014

Respectfully submitted,

KLEHR | HARRISON | HARVEY | BRANZBURG LLP

By:_____
    Jeffrey Kurtzman, Esquire
    1835 Market Street, Suite 1400
    Philadelphia, PA 19103
    Telephone: (215) 569-4493

Special Litigation Counsel for
William G. Schwab, as Chapter 7 Trustee

6

PHIL1 4010904v.2