IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:

SAINT CATHERINE HOSPITAL OF
PENNSYLVANIA, LLC

Debtor

Chapter 7

Case Number: 5-12-bk-02073-JJT

Nature of Proceeding: United States' Motion for Relief from the Automatic Stay (Doc. #1116)

# **OPINION**

This matter arises on the Motion for Relief from Stay filed by the United States for permission to setoff a medicare payment allegedly owing from the government Department of Health and Human Services (HHS) against a tax debt owed by the Debtor. The Chapter 7 Trustee has filed an Objection arguing that the elements needed for setoff are not present. At the time of hearing, the parties agreed that there were no disputed facts and they rested on their filings.

The Motion will be denied.

11 U.S.C. § 553 indicates that the bankruptcy statute does not affect a creditor's right of setoff. Nevertheless, it is recognized that the provisions of § 553 are permissive and not mandatory and lie within the discretion of the Court. *United States v. Norton*, 717 F.2d 767, 772 (3rd Cir. 1983).

The Motion of the United States is the third filing of this nature in the case. It alludes to a sum of money purportedly payable to the Debtor by reason of a settlement with HHS which the government attaches to its Motion. The attachment to the Motion appears to be a global resolution between HHS and various providers over a dispute as to the calculation of the rural floor budget neutrality adjustment (RFBN Adjustment). The settlement purports to be a

resolution of a litigation pending in the District Court of the D. C. Circuit between HHS and the providers listed on "Exhibit 1" of which the Debtor is one. Nevertheless, it appears to be signed by only counsel for the providers listed on Exhibits 2 and 3 as well as HHS. I simply can't find that the Debtor is bound by the agreement. I don't know whether the Debtor has anything more than an unliquidated claim against HHS. Nevertheless, the Debtor, through the Trustee, does not deny the existence of the "settlement". Doc. #1117 at ¶12.

Moreover, it appears from the face of the settlement that, if it was ever approved by the Debtor, it must have been after December 1, 2014, a date following the Debtor's 2012 bankruptcy filing. Federal Rule of Bankruptcy Procedure 9019 requires bankruptcy court approval in order to render a settlement enforceable. This was not requested here, and therefore, I can't countenance relief from the stay to allow enforcement of an unapproved settlement. *Peltz v. Gulfcoast Workstation Group (In re Bridge Info. Sys.)*, 293 B.R. 479, 485 (Bankr.E.D.Mo. 2003).

I also note that a contemporaneous settlement between the parties presented on December 16, 2014, by Doc. #1098 regarding other funds not at issue here alleged that "the United States has agreed to waive any other or further right to exercise a setoff with respect to any funds which are or may be due to the estate against known claims of HHS and/or the IRS." This appears to voice a commitment at odds with the current Motion.

My Order will follow.

By the Court,

/s/ John J. Thomas

John J. Thomas, Bankruptcy Judge
(CMS)

Date: October 19, 2015